IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KEYSTONE BROKERS,<br><br>    Plaintiff,<br><br>v.<br><br>CALVIN MATTHEWS,<br><br>    Defendant. | CIVIL ACTION FILE NO.<br>1:21-cv-0567-TWT-LTW |

### MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION

Defendant, proceeding *pro se*, seeks to remove a dispossessory action from the Magistrate Court of Fulton County without prepayment of fees and costs and security therefore, pursuant to 28 U.S.C. § 1915(a)(1). [Docs. 1, 1-1]. Defendant satisfies the requirements of 28 U.S.C. § 1915(a)(1), and the Application for Leave to Proceed in forma pauperis is **GRANTED**. [Doc. 1]. For the reasons below, the Court **RECOMMENDS** this action be **REMANDED**.

### PROCEDURAL HISTORY

On December 9, 2020, Plaintiff filed a dispossessory proceeding against Defendant in the Magistrate Court of Fulton County. [Doc. 1-1 at 3]. Defendant then filed a "Petition for Removal" in this Court on February 8, 2021. [Id. at 1–2]. In support of removal, Defendant contends that Plaintiff violated "the Uniform

Commercial Code" although the statute he actually cites is the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"). [Doc. 1-1 at 1]. Defendant also contends the dispossessory proceeding is "in violation of the . . . Centers for Disease Control's eviction moratorium." [Id. at 2].

## LEGAL ANALYSIS

As an initial matter, Defendant's removal appears to be untimely. A defendant has "30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal." 28 U.S.C. § 1446(b)(2)(B). Although it is unclear precisely when Defendant was served, his "Petition for Removal" filed over 60 days after the dispossessory proceeding was filed against him. See [Doc. 1-1]. Even if the removal had been timely, there was no basis for the removal.

A defendant seeking to remove a case to federal court bears the burden of showing that removal is proper. Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). In considering whether a defendant has satisfied this burden "there is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." Russell Corp. v. Am. Home Assurance Co., 264 F.3d 1040, 1050 (11th Cir. 2001). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the

case shall be remanded." 28 U.S.C. § 1447(c). Based on the Court's review of the pleadings, removal was improper because the Court lacks subject matter jurisdiction over this lawsuit.

District courts have original jurisdiction of civil cases that either present a federal question or that involve citizens of different states and exceed the $75,000 amount in controversy threshold. 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1332(a)(1) (diversity jurisdiction between citizens of different states). Here, diversity jurisdiction could not be a basis for removal because Defendant is a Georgia citizen. See [Doc. 1-2 at 1]; see also 28 U.S.C. § 1441(b)(2). Also, a claim seeking ejectment in a dispossessory action cannot be reduced to a monetary sum for purposes of determining the amount in controversy. Citimortgage, Inc. v. Dhinoja, 705 F. Supp.2d 1378, 1382 (N.D. Ga. 2010). That leaves federal question jurisdiction as the only remaining potential basis for removal.

Federal question jurisdiction "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). "This rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Id. In this case, no federal question is presented on the face of Plaintiff's Complaint. [Doc. 1-1 at 6].

Jurisdiction over the initiation and trial of a dispossessory action filed in Georgia lies entirely in the state court system.  See O.C.G.A. § 44-7-50(a).

Defendant asserts that the dispossessory proceeding is in violation of the Uniform Commercial Code ("UCC"), but the UCC is not a law.  It is a suggested uniform act that has, to some extent or another, been enacted by most states.  In order to state a "UCC" claim, a party "must rely on a *state's* codification of the UCC." Gilbert v. Monaco Coach Corp., 352 F. Supp. 2d 1323, 1329 (N.D. Ga. 2004) (emphasis added).  The UCC is not federal law, and as such does not give rise to any federal question jurisdiction.  Even if it were, a counterclaim for an alleged violation of federal law is not a basis for federal question jurisdiction.  Pretka, 608 F.3d at 765 n.20.  Thus, the fact that Defendant alleges Plaintiff violated the FDCPA also does not provide a basis for federal court jurisdiction.  See Vaden v. Discover Bank, 556 U.S. 49, 60 (2009); Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003); Ervast v. Flexible Prod. Co., 346 F.3d 1007, 1012 (11th Cir. 2003) (holding that "a defendant may not remove a case to federal court on [the] basis [of federal question jurisdiction], even though a possible defense might involve a federal question.").

Last, the Center for Disease Control and Prevention eviction moratorium ("the CDC moratorium") does not provide a basis for federal question jurisdiction.

Defendant does not even properly allege a violation of the CDC moratorium, because the mere filing of a dispossessory proceeding is not a violation.  As the CDC itself explains, the moratorium does not "prevent landlords from starting eviction proceedings."  See HHS/CDC Temporary Halt in Residential Evictions to Prevent the Further Spread of COVID-19, Frequently Asked Questions, *available at* https://www.cdc.gov/coronavirus/2019-ncov/downloads/eviction-moratoria-order-faqs.pdf (last accessed February 16, 2021).  More importantly, the CDC moratorium does not create a private right of action for individuals like Defendant.  Enforcement of the CDC Order is to be through the "U.S. Department of Justice," which is empowered to "initiate court proceedings as appropriate."  85 FR 55292 at 55296.  The decision not to create a federal remedy for private individuals "is tantamount to a congressional conclusion that the presence of a claimed violation of the [CDC moratorium] . . . is insufficiently 'substantial' to confer federal-question jurisdiction."  See Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 814 (1986).

      In sum, even though raising the CDC Order as a defense to the dispossessory proceeding would "involve a federal question," that defense does not create federal question jurisdiction.  Ervast, 346 F.3d at 1012.  Because Defendant has not established a basis for the Court's jurisdiction, the undersigned **RECOMMENDS** that this action

be **REMANDED** pursuant to 28 U.S.C. § 1447(c) to the Magistrate Court of Fulton County.

## CONCLUSION

For the foregoing reasons, the Application for Leave to Proceed in forma pauperis ([Doc. 1]) is **GRANTED**, but the undersigned **RECOMMENDS** that this action be **REMANDED** to the Magistrate Court of Fulton County pursuant to 28 U.S.C. § 1447(c). As this is a final Report and Recommendation and there are no other matters pending before the Court, the Clerk is directed to terminate the reference to the undersigned.

**SO ORDERED, REPORTED AND RECOMMENDED**, this __16__ day of February, 2021.

_____
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE